IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN KEITH ROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-23-0489-HE |
| ) | |
| WARDEN D.C. COLE, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Petitioner Bryan Keith Ross, a state prisoner appearing *pro se*, filed this case seeking habeas relief from his state court conviction.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings. After an initial review of the petition, Judge Erwin issued a Report and Recommendation recommending that the petition be dismissed as untimely. Petitioner has objected to the Report, triggering *de novo* review of matters to which objection has been raised.

Petitioner pled guilty to first-degree murder, conspiracy to commit a felony, first-degree robbery, and larceny. The date of conviction was June 12, 2015. Based on that date, the Report correctly concluded that, absent some basis for tolling, petitioner's one-year limitations period expired on June 22, 2016, and petitioner does not challenge that conclusion.

---

[1] *Petitioner's prior § 2254 petition in Case No. CIV-20-0963 was dismissed without prejudice for failure to pay the filing fee.*

The report further concluded that petitioner had not shown a basis for either statutory or equitable tolling of the limitations period. Petitioner does not challenge the conclusion that his prior state filings did not constitute a basis for statutory tolling. To the extent that he argues, in substance, that a basis for equitable tolling exists, the court concludes otherwise. The closest he comes to identifying a basis for such a conclusion is that he didn't have a copy of his state court judgment until recently. But that does not constitute an extraordinary circumstance preventing him from pursuing a habeas claim. There is no suggestion that the state somehow prevented him from getting a copy of his judgment or that he could not have, with reasonable diligence, obtained such a copy in the seven years since his conviction or the three years since he first filed a habeas petition raising largely the same arguments as those presently urged.

Petitioner argues that the state court lacked jurisdiction to convict him based on McGirt v. Oklahoma, 140 S.Ct. 2452 (2020). However, the jurisdictional nature of a challenge does not relieve a party from compliance with the habeas statute of limitations. Murrell v. Crow, 793 Fed. Appx. 675, 679 (10th Cir. 2019).

To the extent that petitioner relies on the McGirt decision as the basis for some different limitations period, the effort is unpersuasive. The resurrection of Indian reservations in Oklahoma does not involve some new factual predicate for his claim. Petitioner presumably knew of his Native American ancestry and the nature and location of the crimes at issue from the beginning; the change represented by McGirt is one of law, not of fact. And the nature of that legal change does not translate into a new or different limitations period. As the Report noted, the one-year limitations period may also run from

the date on which a new constitutional right is recognized by the Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. §2244(d)(1)(D). But McGirt did not involve a new constitutional right and, even if it did, it has not been made retroactive to cases on collateral review. See Mathews v. Elhabte, Case No. CIV-21-1023-R, 2022 WL 363357 (W.D. Okla. Feb. 7, 2022) (collecting cases). Therefore, this potential alternate date for commencing the running of the statute does not apply.

The result is that petitioner has not shown any basis for avoiding the conclusion that the limitations period for his habeas petition expired on June 22, 2016. As a result, his petition was not timely filed. The Report and Recommendation [Doc. #9] is therefore **ADOPTED** and the petition [Doc. #1] is **DISMISSED** as untimely. Further, the court concludes that a certificate of appealability should not be issued because petitioner has failed to demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

   **IT IS SO ORDERED**.

   Dated this 22nd day of August, 2023.

                                          _____
                                          JOE HEATON
                                          UNITED STATES DISTRICT JUDGE